UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL INGLESE, an individual,

    Plaintiff,

v.                                            Case No.:   2:21-cv-822-SPC-NPM

BLACK SWAN TECHNOLOGIES,
LLC,

    Defendant.
_____/

### **ORDER**[1]

Before the Court is Plaintiff Paul Inglese's Response (Doc. 22) to Judge Mizell's Show Cause Order (Doc. 21). The Order explained Inglese only brings claims under the Declaratory Judgment Act. Aside from the Act, Inglese alleges no other jurisdictional basis. This is an issue because the Act does not confer jurisdiction on its own. *California v. Texas*, 141 S. Ct. 2104, 2115 (2021) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, alone does not provide a court with jurisdiction."). So Judge Mizell ordered Inglese to show cause why the Court should not dismiss for lack of subject-matter jurisdiction.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

For his part, Inglese responds the Court has subject-matter jurisdiction. He says this case is about settling who owns some intellectual property ("IP"). According to Inglese, there is a dispute over whether he assigned the IP to Defendant Black Swan Technologies, LLC (a defunct company Inglese helped form). Since pending patents protect the IP, says Inglese, there is federal-question jurisdiction.

To the extent that Inglese lobs a half-hearted attempt at showing *Grable* jurisdiction, the Court disagrees.[2] *Grable* applies to "a special and small category of cases." *Gunn v. Minton,* 568 U.S. 251, 258 (2013) (cleaned up). Leaving aside the fact Inglese has no state-law claims (i.e., the category of actions to which *Grable* applies), the Court still has little trouble concluding this is not a *Grable* case. The word "patent" doesn't automatically unlock the door to federal court. *Id.* at 258-59 (holding state-law "claims based on underlying patent matters will rarely, if ever, arise under federal patent law"). Plaintiff must show more. And the Response does not come close to establishing *Grable* jurisdiction. *See generally Damaso v. Costco Wholesale Corp.*, No. 2:19-cv-574-FtM-38NPM, 2019 U.S. Dist. LEXIS 182453 (M.D. Fla. Oct. 22, 2019) (analyzing *Grable* in detail).

---

[2] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005).

2

As for the crux of Inglese's theory, it fares no better. To be sure, dec actions looking to settle ownership of patents may meet Article III's case-and-controversy requirement. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 137 (2007). And parties may seek anticipatory declarations when "a coercive action brought by the declaratory judgment defendant . . . would necessarily present a federal question." *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 197 (2014) (cleaned up). This doctrine "allows parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1340 (11th Cir. 2018) (cleaned up). "The question under the coercive-action doctrine is 'whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law.'" *Mullins v. Securian Life Ins.*, No. 2:21-cv-247-SPC-NPM, 2021 WL 4991519, at *2 (M.D. Fla. Oct. 27, 2021) (quoting *Fastcase*, 907 F.3d at 1340).

Here, the anticipated federal action is patent infringement—something federal courts have exclusive jurisdiction over.[3] 28 U.S.C. § 1338(a). Yet this

---

[3] The Court assumes without deciding Inglese is correct on this point. It is unclear whether the coercive action would be a patent dispute or—as Inglese seems to indicate—a mere contract dispute that happens to involve IP. The former might confer jurisdiction; the latter would not. *E.g.*, 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2767 (4th ed. Apr. 2022 update) ("Thus, in federal-question jurisdiction generally, a suit on a contract about a patent or on a license of a patent is held to arise under the state law of contracts rather than under the patent laws."). All the same, even if Inglese is right about Black Swan's potential coercive action, the Court still concludes dismissal is proper.

3

is not a typical case in which a dec action plaintiff essentially sues to quiet title on a patent. As Inglese acknowledges, ownership of the IP is already at issue in another action. *Christoff v. Inglese*, No. 2:20-cv-546-SPC-NPM (M.D. Fla.). Inglese litigated that case for over a year before suing. When looking at the cases together, it is clear this is a poorly disguised effort to circumvent *Christoff* and get default declarations that Inglese owns the IP—an issue heavily litigated in *Christoff*. In short, this is not an anticipatory suit to resolve a potential threatened action; it is an effort to defeat an ongoing case.

Inglese litigated *Christoff* for fifteen months before suing Black Swan. If Inglese thought Black Swan's presence in *Christoff* were necessary, he was (and still is) free to act accordingly in that case. But filing a separate action—against a defunct entity Inglese created and pretending a lawsuit might follow—is a borderline frivolous use of the coercive-action doctrine. *See* 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2751 (4th ed. Apr. 2022 update) (The Act "gives a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so."). The purpose of the Act is efficiency and eliminating the need for delay or multiple actions. *E.g.*, *Dish Network, L.L.C. v. Am. Broadcasting Cos.*, No. 12 Civ. 4155(LTS)(KNF), 2012 WL 2719161, at *3 (S.D.N.Y. July 9, 2012); 10B

4

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2751 (4th ed. Apr. 2022 update). Rather than serve that purpose, this suit frustrates it by multiplying the *Christoff* litigation and unnecessarily seeking uncontested declarations that go to the heart of that dispute.

Even if the Court had jurisdiction, it will not make any declarations. *See Mullins*, 2021 WL 4991519, at *3. The Court has discretion to declare rights. *Nat'l Tr. Ins. v. S. Heating and Cooling, Inc.*, 12 F.4th 1278, 1281 (11th Cir. 2021). In weighing its discretion, courts may consider "equitable, prudential, and policy" concerns. *MedImmune*, 549 U.S. at 136. Whether a dec action will "interfere with or frustrate the other party's pursuit of claims elsewhere, is one of the equitable considerations a court may weigh." *Cephalon, Inc. v. Travelers Cos.*, 935 F. Supp. 2d 609, 613 (S.D.N.Y. 2013) (citation omitted). When faced with parallel cases, courts may decline to make declarations in favor of the coercive action. *Mullins*, 2021 WL 4991519, at *3.[4]

---

[4] *See also Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987) (affirming the dismissal of dec action in favor of later-filed coercive suit); *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010); *AmSouth Bank v. Dale*, 386 F.3d 763, 784-91 (6th Cir. 2004); *Ven-Fuel, Inc. v. Dep't of Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982); *Alpaca Warehouse, Inc. v. Merelinda Farm, LLC*, No. 10-23690-CV-GRAHAM/TORRES, 2011 WL 13223663, at *1-2 (S.D. Fla. Jan. 12, 2011); *Optimum Nutrition, Inc. v. Schiff Nutrition Grp., Inc.*, No. 06-60193-CIV-JORDAN, 2006 WL 8432460, at *7-8 (S.D. Fla. May 30, 2006); *Endo Pharms. Inc. v. FTC*, 345 F. Supp. 3d 554, 565 (E.D. Penn. 2018); *Battery Sols., Inc. v. Terralpha Indus., Inc.*, No. 12-10738, 2012 WL 2524289, at *5 (E.D. Mich. June 29, 2012); *Clear!Blue, LLC v. Clear Blue, Inc.*, 521 F. Supp. 2d 612, 614 (E.D. Mich. 2007).

Admittedly, *Christoff* is not the exact coercive action Inglese imagines. Still—through that case—Inglese can seek any of the certainties he purportedly wants through this action. So the declarations here serve no useful purpose and ownership of the IP is better resolved in *Christoff*. *See* 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2761 (4th ed. Apr. 2022 update) (A "court may refuse to hear a declaratory action about patents if all the issues between the parties can be resolved more satisfactorily in some suit other than a declaratory action."). What's more, any declarations here will obviously interfere with *Christoff*. The Court, therefore, declines to exercise its discretion to make the default declarations.

At bottom, Inglese failed to remedy the jurisdictional defect. So the Court dismisses this action. *Morrison v. Allstate Indem.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (When "a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (Federal "courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the [jurisdictional] deficiency."). Even if there is jurisdiction, the Court declines to make any requested declarations and dismisses in favor of *Christoff*.

Accordingly, it is now

**ORDERED:**

1. This action is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to enter judgment, terminate all deadlines, deny any pending motions as moot, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 3, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record